W. A. ROUSE *v.* WILLIAM HUGHES, TRUSTEE.

WILLIAM HUGHES, TRUSTEE, *v.* WESTERN FINANCIAL CORPORATION, ET AL.

L. L. WARREN *v.* SWEARENGER & BIGGS.

[Abstract Kentucky Law Reporter, Vol. 1—320.]

**Partnerships.**

A partnership has the right to borrow money to carry on its business and to bind each and every member of the firm, and it is not incumbent on the person loaning the firm money to see that the money is applied to the business of the firm.

**Trustee's Right to Employ Attorney.**

A trustee has a legal right to employ attorneys to represent him, and the fact is not changed because creditors also employ attorneys to collect their claims. Attorneys employed by a trustee may legally be paid a reasonable compensation out of the trust estate.

APPEALS FROM LOUISVILLLE CHANCERY COURT.

October 7, 1880.

OPINION BY JUDGE PRYOR:

It is evident that Swearenger and Biggs were partners, or constituted a part of the firm of Anderson, Hamilton & Co. in packing pork in the winter of 1875-6. The fact of their being interested in this pork adventure was known to many of the business men of Louisville; and all of the appellees in this case, except Warren, seem to have dealt with the Hamiltons, not only on the credit of the original firm, but also on the credit of Swearenger and Biggs, who were members of the new firm. Hamilton & Co. had the right to borrow money and incur all the necessary expenses connected with such an enterprise, and to bind each and every member of the firm for the debts contracted. It was not the duty of those loaning Hamilton & Co. money or discounting their paper to see to its application. If the credit was given to Swearenger & Biggs, as well as to the Hamiltons, the former were liable because they were partners in the undertaking, and it was their duty and not the duty of the creditor to see that the money was rightfully appropriated. Warren, it seems, gave credit to the pork adventure, and loaned his money, as he had been doing for years, to the same firm, or rather the firm name, that had existed for years, and continued to exist after Swearenger and Biggs became interested in the speculation

of 1875-6. That Hamilton & Co. No. 1 was different from Hamilton & Co. No. 2 was a fact not communicated to Warren, and as he dealt with the firm of Hamilton & Co. on the faith and credit of the product belonging to Hamilton & Co., and in which Swearenger and Biggs were interested, if either must suffer it must be the latter and not Warren. ·

We think, therefore, that no error has been committed in the distribution of the assets by the chancellor. Warren insists, however, that he is entitled to a judgment against Swearenger & Biggs for the balance due him because of the failure of the latter to comply with the agreement under which they claim to be released. The assets of the pork adventure were transferred to Hughes, the trustee, at the instance of creditors, and among the assets were embraced the notes of Swearenger & Biggs for $66,000. The assets were received and collected by Hughes, and were accepted by the creditors in satisfaction of any claim they held against Swearenger & Biggs. The receipt of the trustee, Hughes, designates the property delivered. The execution of the notes and mortgage all recite on their face that it was executed in pursuance of the agreements made with the creditors. These agreements have all been substantially complied with, and the creditors, including the appellant, Warren, have received a part of the assets.

It is urged, however, that Swearenger & Biggs, by virtue of the agreement to release executed by Warren, bound themselves to recite the agreement they had made in the transfer they made to the trustee. The agreement was referred to in the transfer by reciting that it was made in pursuance of the agreement with creditors; and while there is not a literal compliance by executing the whole of the contract with Warren, it is a substantial compliance with its terms. No other creditor is complaining, and Warren, among the others, has received through their trustee, the pork and money of Swearenger and Biggs in accordance with their agreement, and have, in fact, been paid a part of the proceeds; and it is now too late to disturb this equitable adjustment upon such a technical objection.

Nor will this court reverse by reason of the allowance made to the attorneys of the trustee. There is no objection to the amount allowed, or any intimation that the allowance is for too great a sum; but the question made is,—As the creditors have employed counsel, as a matter of necessity, to present and prosecute their

claims in order to determine their respective rights, and have paid their own counsel, should the trustee, or his attorney, be allowed compensation out of this fund? It was certainly the duty of the trustee to see that the settlement was properly made, and to resist (in good faith) the payment of any claim that he thought unjust, or to prevent, if he thought it inequitable, priority in the distribution of the assets. If he employed counsel for such a purpose, as it was his duty to do, and there is nothing in this record to the contrary, why is not counsel entitled to compensation, and if not paid out of this fund who is to pay the fees of the attorney? The trustee, if his allowance is disregarded, must account to counsel to the extent of the value of his services out of his own pocket, and if such should be the decision in this case there would be no inducement to fiduciaries to be vigilant in protecting a trust fund.

It is not to be presumed that the trustee is making money for his attorney by an unnecessary employment in the absence of proof, and as there is nothing in this record showing bad faith either on the part of the trustee, or his attorney, and no attack upon the allowance below in the way of testimony showing that it was exorbitant, the allowance we must adjudge was properly made. These cases have been considered together. The judgment on the appeal of Hughes, trustee, against the Western Financial Corporation and others is *affirmed*. The judgment on the cross-appeal of Warren in the same case is *affirmed*. The judgment in the case of L. L. Warren against Swearenger & Biggs is *affirmed*. The appeal in the case of Rouse against Hughes, trustee, is *dismissed*—barred by limitation.

T. E. McKay, W. O. Dodd, Russell & Helm, for Wm. Hughes, Trustee. Young & Boyle, for Rouse.

H. C. Pindell, for Warren.

Harlan & Willson, for Sherlay's Ex'rs.

Bigger & Davie, for Swearenger & Biggs.

E. H. Gipson, for Western Financial Corporation.

H. Pope, for Bank of Louisville.